■ ALICE M. HICKLAND, Respondent, v RICHARD A. HICKLAND, et al., Respondents, and ADELAIDE H. EATON, Appellant. (And One Other Action.)—Appeal from an amended order of the Supreme Court at Special Term, entered January 4, 1980 in Washington County, which conditionally granted defendant Hickland's motion in a partition action for a public auction of the subject properties. Plaintiff and defendant Hickland were divorced in 1974 and are presently the owners, as tenants in common, of three parcels of land in Washington County. One of the parcels is designated the Argyle farm and plaintiff was given exclusive possession of the residence located thereon in the divorce action. The instant partition action was commenced in October, 1978, and thereafter, pursuant to CPLR 602, it was consolidated with the divorce action. Special Term granted defendant Hickland's motion for a public sale and directed that the proceeds shall be paid into court pending a hearing to determine their disbursement and that they shall retain the characteristics of real property with respect to the rights of the parties. Defendant Eaton is a judgment creditor, as a result of moneys expended largely for improvements to the Argyle farm. While she does not object to the sale of the property, she does object to the procedure directed by Special Term in the handling of the proceeds. She contends that the sale is governed by RPAPL article 9, which requires that the rights of the parties to the proceeds be determined before the sale in a partition action. On this appeal, she contends that the sale directed by Special Term does not comply with the statutory procedure. A fair reading of this record, in light of RPAPL 913 (subd 1) and 915, substantiates defendant's contention. We are, nevertheless, to affirm. The record establishes that the two actions were consolidated resulting in a total fusion of the separate actions (Siegel, New York Practice, § 127). The court, therefore, had the authority to order the sale of the property pursuant to section 234 of the Domestic Relations Law, which provides, in pertinent part, that: "In any action for divorce * * * the court may

(1) determine any question as to the title to property arising between the parties, and (2) make such direction, between the parties, concerning the possession of property, as in the court's discretion justice requires * * * Such direction may be made in the final judgment, or by one or more orders from time to time before or subsequent to final judgment, or by both such order or orders and final judgment." This statute provides a procedure whereby a matrimonial court can determine questions of title between the parties *(Kahn v Kahn,* 43 NY2d 203). It also provides that an order may be made subsequent to final judgment (see *Corsentino v Corsentino,* 67 AD2d 798). Furthermore, it is significant that both owners desire a public sale of the property. Order affirmed, with costs to respondent Alice M. Hickland. Sweeney, J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.