■ EILEEN RAPAPORT, Plaintiff, v HOWARD RAPAPORT, Appellant.—In a matrimonial action in which the parties were previously divorced, the defendant husband appeals from (1)

an order of the Supreme Court, Queens County (Corrado, J.), dated August 19, 1987, which denied his motion to punish a Referee for contempt, (2) an order of the same court, dated September 21, 1987, which denied his motion to compel the return of certain moneys allegedly held by the Referee and (3) an order of the same court, dated September 21, 1987, which denied his motion, which was in the nature of an application pursuant to CPLR 5015, for a review of the contents of the Referee's report of the judicial sale.

Ordered that the appeals from the order dated August 19, 1987, and the order dated September 21, 1987, which denied the defendant's motion for return of moneys, are dismissed, without costs or disbursements, as abandoned; and it is further,

Ordered that the order dated September 21, 1987, which denied the motion for a review of the contents of the Referee's report, is affirmed, without costs or disbursements.

On December 9, 1985, a Referee was appointed to conduct a judicial sale of the marital residence. By order dated May 11, 1987, the Supreme Court granted the Referee's motion for judicial confirmation of his report of the sale. The defendant, Howard Rapaport, did not appear in opposition to this motion. He subsequently moved to punish the Referee for contempt of court and for the return of certain funds allegedly held by the Referee. These motions were denied, by orders dated August 19, 1987, and September 21, 1987, respectively. Although the defendant lists both orders in his notice of appeal, he did not pursue any claims with respect to these orders in his appellate brief. Accordingly, the appeals from these orders are dismissed as abandoned.

In addition to the foregoing motions the defendant also moved for a hearing to review the contents of the Referee's report of the judicial sale. Since he never appeared in opposition to the original motion to confirm the report, however, his subsequent motion for review thereof constituted a collateral attack upon the order and was, therefore, in the nature of an application, pursuant to CPLR 5015, for relief from his default.

Relief from an order entered upon default may be granted where the movant establishes a reasonable excuse for the default and a prima facie showing of legal merit (see, Fidelity & Deposit Co. v Andersen & Co., 60 NY2d 693; Berlin v New Hope Holiness Church of God, 93 AD2d 798, appeal dismissed 60 NY2d 702; Blake v City of New York, 90 AD2d 531). The

defendant presented no excuse for his prior default in his motion papers for a hearing to review the contents of the Referee's report.

Moreover, the defendant's conclusory allegations charging the commission of fraud on the part of the Referee were insufficient to warrant vacatur of his default *(see, Matter of State of New York v Wiley,* 117 AD2d 856; *Bush v Bush,* 65 AD2d 565; *Swart v Lehmann,* 39 AD2d 807, *lv dismissed* 31 NY2d 669). Accordingly, the denial of his application for a hearing to review the contents of the referee's report was proper and did not constitute an improvident exercise of discretion. Kunzeman, J. P., Rubin, Eiber and Rosenblatt, JJ., concur.