■ CHLOE A. RILEY, Respondent, v BRIAN JEKER, Appellant. [675 NYS2d 246] —Spain, J. Appeal from an order of the Supreme Court (Ingraham, J.), entered January 21, 1997 in Broome County, which, *inter alia*, ordered the appointment of a Referee for the purpose of selling the marital residence.

The parties were married in 1990. In 1993, plaintiff commenced an action for divorce and defendant answered and counterclaimed. In April 1995, a nonjury trial was held solely on the issues of equitable distribution and maintenance, the parties having stipulated, *inter alia*, to the granting of a mutual divorce. On August 28, 1995, Supreme Court (Monserrate, J.) granted the parties a mutual divorce and ordered equitable distribution. The judgment of divorce states, in pertinent part, as follows:

"ORDERED, ADJUDGED AND DECREED that the distribution of the parties' realty in the Town of Triangle, New York be accomplished in either of two ways at the parties' option: *either* [1] By the Husband tendering $42,000.00 to the Wife or the Wife tendering $98,000.00 to the Husband, with either party being able to deduct from the aforesaid tender amount, 50% of any amounts paid by such party, after the Court's Order of November 30, 1994, to bring unpaid realty taxes current, and upon such tender, the recipient shall convey his/her right, title, and interest in and to the property by a Warranty Deed delivered to the party making such tender; *or* [2] If such tender is not made by either spouse, the property shall be sold with net proceeds (after payment of customary commissions, liens against the property including all unpaid taxes currently due at the time of sale and expenses of sale) distributed according to the following percentages: 70% for the Husband and 30% for the Wife; and it is further

"ORDERED, ADJUDGED AND DECREED that the Husband's exclusive occupancy of the marital residence property as ordered by this Court by Order dated November 30, 1994, shall continue until the distribution of said property is accomplished pursuant to the [above] paragraph."

Although plaintiff filed a notice of appeal, she never perfected her appeal.

In September 1996, plaintiff, proceeding *pro se*, moved to re-open the case citing the parol evidence rule and seeking, among other things, rent from defendant for his occupancy of the marital residence.* After oral argument, Supreme Court (Ingraham, J.) reserved decision. In October 1996, as promised by his counsel at oral argument, defendant made a tender informing the court that he had secured the funds to purchase the marital residence for $38,317.33, which was $42,000 minus the $1,750 that plaintiff owed defendant pursuant to the 1995 judgment and minus $1,932.67 which represented plaintiff's adjusted share of back taxes according to the formula in the judgment. It appears that plaintiff rejected the tender based, *inter alia*, on her claims that she was entitled to rent and that the property was improperly valued.

In a decision and order dated November 27, 1996, Supreme Court, finding no showing of wrongdoing or fraud on defendant's part, denied plaintiff's motion to reopen (*see*, CPLR 5015 [a] [3]); however, the court ordered, *sua sponte*, that the marital residence be sold and appointed a Referee to sell the property and to compute the amount of "reasonable rental" due plaintiff "during the protracted delay". In its decision and order, Supreme Court rejected defendant's tender stating that "[defendant] belatedly tender[ed] funds to plaintiff which [did] not appear to comport with Judge Monserrate's decision". Supreme Court did not set forth any explanation for its conclusion that defendant's tender did not comport with Judge Monserrate's decision nor is there any basis given for ordering the Referee's sale and the payment of rents to plaintiff, other than the "protracted delay". Defendant appeals.

Domestic Relations Law § 236 (B) (5) and § 234 provide Supreme Court with broad discretion in determining issues regarding possession, title and the equitable distribution of marital property. While courts may order the sale of marital property (*see*, *Carney v Carney*, 202 AD2d 907, 909; *Church v Church*, 169 AD2d 851, 853; *Hickland v Hickland*, 79 AD2d 736) and also order that the sale be effectuated by a Referee (*see*, *Rapaport v Rapaport*, 150 AD2d 353, 354), we find it significant that the judgment of divorce herein specifically set forth the procedure for the distribution of the marital residence. The available record reveals that defendant made a good-faith tender to purchase plaintiff's interest in the marital

---

* Justice Monserrate recused himself at this point and a new Justice was appointed.

residence and at no time did plaintiff offer to purchase defendant's interest. The record also reveals that plaintiff did not seek the appointment of a Referee in her motion, but rather stated that defendant had not paid the $42,000 previously awarded her (*cf., Hickland v Hickland, supra*). We conclude that Supreme Court erred in rejecting defendant's tender and in ordering the Referee's sale of the property, thereby denying defendant an opportunity to purchase plaintiff's interest.

We also conclude that Supreme Court erred in directing that defendant pay rent to plaintiff. In matrimonial cases, courts are reluctant to grant a co-owner/tenant by the entirety rent except where the party seeking rent was wrongfully ousted (*see, Grant v Grant*, 234 AD2d 509, 510; *Daigle v Daigle*, 73 AD2d 771). Notably, courts look at the role of the party seeking rent in any delay in the ultimate resolution and finalization of the property, and will not find an ouster where the allegedly ousted party is even partially responsible for the delayed resolution (*see, Grant v Grant, supra*, at 510). Here, the record reveals that plaintiff left the marital residence voluntarily prior to the divorce and Supreme Court granted sole possession to defendant; moreover, plaintiff rejected defendant's initial offer to purchase her interest in the marital residence. In our view, plaintiff was not ousted and a review of the record supports the conclusion that the delay in the distribution is largely attributable to plaintiff.

Cardona, P. J., Crew III, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as ordered the sale of the marital property, the appointment of a Referee and the payment of rent by defendant to plaintiff, and, as so modified, affirmed.