■ DEBRA K. TOWNSEND, Respondent, v MARK J. TOWNSEND, Appellant. [724 NYS2d 545] —Crew III, J. Appeal from an order of the Supreme Court (Marinelli, J.), entered May 4, 2000 in Albany County, which, *inter alia*, ordered defendant to comply with the terms of the parties' stipulation of settlement.

In March 1994, the parties entered into a stipulation of settlement in open court, pursuant to the terms of which the parties agreed to, *inter alia*, place the marital residence on the market for sale with a beginning listing price of $234,000. The proceeds from the sale of the marital residence were to be used to pay off various marital debts, with the remaining funds to be divided equally between the parties. The parties further agreed to "do all things and execute all documents that may be necessary or convenient to implementing the terms of [the] stipulation." This stipulation subsequently was incorporated but not merged in the parties' July 1994 judgment of divorce.

When the marital residence remained unsold almost three years later, plaintiff commenced this action seeking, *inter alia*, to vacate the stipulation of settlement. According to plaintiff, the residence remained unsold due to defendant's refusal to lower the listing price and less than aggressive efforts to market the property. Defendant answered and raised various affirmative defenses. At the conclusion of the hearing that followed Supreme Court, finding that the parties' agreement contemplated that the sale of the marital residence would be accomplished in accordance with normal real estate practices which encompassed aggressively marketing the property and lowering the listing price as necessary, ordered defendant to comply with the terms of the agreement and cooperate in the prompt sale of the residence. This appeal by defendant ensued.

We affirm. Although defendant asserts that the record discloses no basis upon which to vacate or modify the underlying stipulation of settlement, that argument need not detain us as Supreme Court did not grant plaintiff such relief. Rather, Supreme Court simply ordered defendant to do precisely what he agreed to do in the first instance—place the marital residence on the market with a beginning listing price of $234,000 and "do all things * * * that may be necessary or convenient" to accomplish such sale. In this regard, the record confirms Supreme Court's finding that the initial asking price was exactly that—a starting point, not a nonnegotiable or guaranteed sale price. The record further demonstrates, as evidenced by the provisions made for the sale proceeds and the corresponding adjustment to defendant's child support obligation following the sale of the marital residence, that the parties

contemplated that the property would be marketed in accordance with normal real estate practices and sold within a reasonable period of time. As the relief ordered here was within Supreme Court's discretion to grant (see generally, Riley v Jeker, 252 AD2d 680, 681 [trial court vested with broad discretion in determining equitable distribution of marital property]; Munson v Munson, 250 AD2d 1004) and is fully supported by the record, Supreme Court's order is affirmed.

Cardona, P. J., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.