■ Marion Matwijczuk, Appellant, v Stefania Matwijczuk, Respondent. [736 NYS2d 520] —Cardona, P.J. Appeal from an order of the Supreme Court (Reilly, Jr., J.), entered October 5, 2000, in Schenectady County, which, inter alia, enforced the terms of a judgment of divorce.

The parties were divorced by judgment entered November 3, 1997. The judgment awarded defendant, inter alia, the marital residence located on Sacandaga Road and one half of the proceeds from the sale of the parties' undeveloped Ridge Road property, both located in the Town of Glenville, Schenectady County. It also awarded defendant the parties' Birchwood Drive property, located in the Town of Duanesburg, Schenectady County. Additionally, in its findings of fact and conclusions of law, Supreme Court directed plaintiff to "reimburse the defendant for any expenses that she has paid for the upkeep of the [Sacandaga] property" and pay "one-half of any outstanding property taxes" on the Birchwood Drive property. We affirmed Supreme Court's equitable distribution of the parties' marital property (261 AD2d 784).

When plaintiff failed to pay his portion of the back taxes on the Birchwood Drive property and the upkeep expenses relating to the Sacandaga Road property, defendant moved to hold plaintiff in contempt, to enforce the judgment, and for reimbursement of counsel fees accrued since the entry of the judgment. Plaintiff opposed defendant's motion and cross-moved seeking clarification of the judgment limiting his obligation, if any, to reimbursement of the upkeep expenses on the Sacandaga Road property and the outstanding property taxes on the Birchwood Drive property to a date prior to the commencement of the divorce action in 1991.

Supreme Court directed plaintiff to pay one half of the taxes on the Sacandaga Road, Birchwood Drive and Ridge Road properties "from the time of the commencement of the action in

1991 through the [j]udgment of [d]ivorce in 1997," totaling $17,509.40. Additionally, the court, sua sponte, appointed a referee to sell the Ridge Road property and directed plaintiff to pay one half of the property taxes accrued on that property between 1997 and 2000 in the amount of $1,252.20. Supreme Court also ordered plaintiff to pay defendant's counsel fees in the amount of $3,660. Plaintiff appeals.

Initially, we find no merit to plaintiff's argument that since the provisions in the findings of fact and conclusions of law requiring the payments of upkeep expenses on the Sacandaga Road property and property taxes on the Birchwood Drive property were omitted from the judgment of divorce they are not enforceable. "Where there is an inconsistency between a judgment and the decision upon which it is based, the decision controls * * *. Further, such an inconsistency may be corrected either by way of a motion for resettlement or on appeal * * *" (*Verdrager v Verdrager*, 230 AD2d 786, 787-788 [citations omitted]; *see*, CPLR 2221, 5019 [a]; *Di Prospero v Ford Motor Co.*, 105 AD2d 479, 480). Accordingly, upon remittal, Supreme Court should amend the judgment of divorce to reflect all of the obligations of plaintiff pursuant to the findings of fact and conclusions of law.

We also find no merit to plaintiff's contention that Supreme Court erred when it appointed a referee to sell the Ridge Road property. Courts may order that the sale of marital property be effectuated by a referee (*see*, *Riley v Jeker*, 252 AD2d 680, 681; *Rapaport v Rapaport*, 150 AD2d 353, 354), particularly where, as here, the evidence indicates that a party (plaintiff) failed to cooperate in listing the property for sale with a broker.

We do, however, agree with plaintiff's contention that there was no legal basis to direct him to pay the sum of $13,302.49 representing one half of the taxes for the Sacandaga Road property from 1991 to 1997. As already indicated, the judgment of divorce awarded this property solely to defendant. There was no direction in the judgment or the findings of fact and conclusions of law for plaintiff to pay any taxes on that property. Plaintiff's only obligation was the requirement that he pay the upkeep expenses. There was no reference to taxes and Supreme Court specifically interpreted "upkeep" expenses to mean those incurred for the installation of a new well, piping, plumbing and repairs to the hot water tank totaling $1,390. Therefore, on defendant's enforcement motion it was only proper to order judgment against plaintiff pursuant to Domestic Relations Law § 244 in the amount of $1,390. Nor could an adjudication for contempt serve as a basis for the payment of taxes on the

Sacandaga Road property absent the existence of an unequivocal mandate requiring such payment (*see, Matter of McCormick v Axelrod,* 59 NY2d 574, 583; *Beverina v West,* 257 AD2d 957). Accordingly, under all the circumstances, the direction to plaintiff to pay one half of the taxes on the Sacandaga Road property is not supported in this record.

Furthermore, we find no abuse of discretion in Supreme Court's directions that plaintiff pay one half of the taxes on the Ridge Road property from 1991 through 1997 in the amount of $4,091.43 and from 1997 through 2000 in the amount of $1,252.20. The judgment required that the property be placed on the market for sale and the proceeds be divided equally. No provisions were made for the payment of taxes or for possession of the property pending its sale. Therefore, we cannot say it was inappropriate for the court to direct the parties to share this obligation.

Finally, plaintiff contends that the award of counsel fees to defendant was improper. Domestic Relations Law § 238 authorizes a court in its discretion to award counsel fees in an enforcement proceeding to compel the payment of money. Contrary to plaintiff's argument, Domestic Relations Law § 238 does not, unlike Domestic Relations Law § 237, expressly require a court to consider the circumstances of the case or the parties in fashioning an award of counsel fees. In our view, Supreme Court did not abuse its discretion.

Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as directed plaintiff to pay the sum of $13,302.49, representing one half of the taxes for the Sacandaga Road property for the years 1991 to 1997; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.