■ Lisa A. Rao, Respondent, v Carmelo C. Rao, Appellant. [902 NYS2d 243]—

Cardona, P.J. Appeals (1) from an order of the Supreme Court (Williams, J.), entered June 19, 2009 in Saratoga County, which, among other things, denied defendant's cross motion seeking relief related to various personal property disputes, and (2)

from an order of said court, entered June 24, 2009 in Saratoga County, which granted plaintiff's motion for, among other things, an award of counsel fees.

The parties were divorced in 2008 and, in accordance with a stipulation that was incorporated but not merged into the judgment of divorce, defendant agreed to, among other things, pay plaintiff a distributive award of $47,500. After failing to receive said award, plaintiff moved in January 2009, by order to show cause, seeking, among other things, an order compelling the payment of the distributive award, various relief related to the custodial provisions of the divorce judgment and an award of counsel fees. Plaintiff also sought to have defendant held in contempt for, among other things, failing to pay the distributive award and comply with other provisions of the divorce judgment. Defendant, who paid the distributive award in the midst of these proceedings, cross-moved for, among other things, an order directing plaintiff to sign over different funds he claimed to be entitled to in accordance with the stipulation. Supreme Court, in two separate orders, transferred all custody and visitation issues to Family Court, denied the relief requested by defendant in his cross motion and granted relief to plaintiff to the extent of awarding her counsel fees in the amount of $5,912.50. Defendant appeals both orders.

Initially, we are unpersuaded that the award of counsel fees to plaintiff was improper because Supreme Court failed to follow the dictates of Domestic Relations Law § 237 in rendering the award. While it is true that this statute may apply in certain circumstances where an order compelling payment has not been obeyed and a finding of willfulness has been made (*see* Domestic Relations Law § 237 [c]), here, neither of the appealed-from orders compelled defendant to make any payments, nor did they contain any findings of contempt. Instead, it is apparent that the counsel fee award was rendered pursuant to Domestic Relations Law § 238, which allows the court to grant an application for such fees under these circumstances in its sound discretion (*see Cheruvu v Cheruvu*, 61 AD3d 1171, 1174 [2009]; *Matwijczuk v Matwijczuk*, 290 AD2d 854, 856 [2002]).

Upon our review of Supreme Court's grant of counsel fees to plaintiff pursuant to Domestic Relations Law § 238, we find no basis to disturb the award. The record shows that, according to the divorce judgment and stipulation, defendant agreed to, among other things, pay plaintiff a distributive award of $47,500 before the end of 2008, as well as remove plaintiff's name from the mortgage on the marital home; in turn, plaintiff would convey her interest in the marital residence. Although defend-

ant maintains that the delays in completion of this process were solely caused by misunderstandings not attributable to his conduct, the record does not support that claim. Furthermore, given the affidavit from plaintiff's counsel indicating that plaintiff incurred greater legal fees as a result of these delays, we cannot say that the award of $5,913, which was less than half of plaintiff's total fee for legal services, constituted an abuse of the court's discretion (*see Matwijczuk v Matwijczuk*, 290 AD2d at 856; *Haydock v Haydock*, 254 AD2d 577, 578-579 [1998]).

Finally, we have reviewed defendant's remaining arguments, including his claim that Supreme Court erred in failing to grant his cross motion, and find them to be unpersuasive.

Mercure, Lahtinen, Malone Jr. and Egan Jr., JJ., concur. Ordered that the orders are affirmed, without costs.