*753 In an action to foreclose a mortgage, the defendant Victor Bustamante appeals from an order of the Supreme Court, Queens County (Gavrin, J.), dated March 26, 2012, which denied his motion pursuant to CPLR 5015 (a) (1), (3) and (4) to vacate a judgment of foreclosure and sale of the same court dated December 16, 2009, entered upon his default in appearing or answering the complaint.
Ordered that the order is affirmed, with costs.
The Supreme Court properly denied the appellant’s motion pursuant to CPLR 5015 (a) (1), (3) and (4) to vacate a judgment of foreclosure and sale that was entered upon his default in appearing or answering the complaint. As to that branch of the appellant’s motion which was pursuant to CPLR 5015 (a) (4), the process server’s affidavit of service constituted prima facie evidence of service of the summons and complaint pursuant to CPLR 308 (1) (see Reich v Redley, 96 AD3d 1038 [2012]), and the appellant’s bare and unsubstantiated denial of receipt was insufficient to rebut the presumption of proper service (see U.S. Bank N.A. v Tate, 102 AD3d 859 [2013]; Deutsche Bank Natl. Trust Co. v DaCosta, 97 AD3d 630, 631 [2012]). Therefore, a hearing on the issue of service was not required (see US Natl. Bank Assn. v Melton, 90 AD3d 742 [2011]; Scarano v Scarano, 63 AD3d 716 [2009]). To the extent the appellant argues that the Supreme Court should have granted that branch of his motion which was to vacate the default judgment of foreclosure and sale pursuant to CPLR 5015 (a) (1), he failed to demonstrate a reasonable excuse for his default since the only excuse he proffered was that he was not served with process (see Deutsche Bank Natl. Trust Co. v Pietranico, 102 AD3d 724, 724 [2013]). The absence of a reasonable excuse for the default renders it unnecessary to determine whether the appellant demonstrated the existence of a potentially meritorious defense (see Wells Fargo Bank, N.A. v Cervini, 84 AD3d 789, 790 [2011]).
Regarding that branch of the appellant’s motion which was pursuant to CPLR 5015 (a) (3), despite the appellant’s allegations of improper practices by the plaintiffs agents in unrelated matters, he failed to meet his burden of establishing fraud, misrepresentation, or other misconduct on the part of the plaintiff in this matter which could warrant vacatur of the default judgment of foreclosure and sale pursuant to CPLR 5015 (a) (3) (see Onewest Bank, FSB v Martinez, 101 AD3d 969, 970 [2012]; Deutsche Bank Natl. Trust Co. v Hunter, 100 AD3d 810, 811 [2012]; Wells Fargo Bank N.A. v Hornes, 94 AD3d 755 [2012]; Tribeca Lending Corp. v Crawford, 79 AD3d 1018, 1020 [2010]).
*754 The appellant’s remaining contention is improperly raised for the first time on appeal.
Accordingly, the Supreme Court properly denied the appellant’s motion pursuant to CPLR 5015 (a) (1), (3) and (4) to vacate the default judgment of foreclosure and sale. Dillon, J.P., Chambers, Austin and Hinds-Radix, JJ., concur.