■ WELLS FARGO BANK, N.A., Respondent, v LAURA G. HAMPTON, Appellant, et al., Defendants. [989 NYS2d 368]—

In an action to foreclose a mortgage, the defendant Laura G. Hampton appeals from an order of the Supreme Court, Kings County (Kurtz, J.), dated March 13, 2013, which, inter alia, denied those branches of her motion which were to vacate an order of reference of the same court (Vaughan, J.) dated November 3, 2008, and to vacate a judgment of foreclosure and sale dated June 10, 2009, both entered upon her default in appearing or answering the complaint.

Ordered that the order is affirmed, without costs or disbursements.

A defendant seeking to vacate a default in answering or appearing upon the ground of excusable default must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (see CPLR 5015 [a] [1]; Deutsche Bank Natl. Trust Co. v Ramirez, 117 AD3d 674 [2014]; Wells Fargo Bank v Malave, 107 AD3d 880 [2013]; U.S. Bank N.A. v Stewart, 97 AD3d 740 [2012]; Deutsche Bank Natl. Trust Co. v Luden, 91 AD3d 701, 701 [2012]). In addition, CPLR 5015 (a) (3) permits a court to vacate a judgment or order upon the ground of fraud, misrepresentation, or other misconduct of an adverse party.

Here, the defendant Laura G. Hampton (hereinafter the defendant) did not show a reasonable excuse for her default. In the absence of a reasonable excuse, it is unnecessary to determine whether the defendant demonstrated the existence of a potentially meritorious defense to the action (see Wells Fargo Bank, N.A. v Gioia, 114 AD3d 766 [2014]; Deutsche Bank Natl. Trust Co. v White, 110 AD3d 759, 760 [2013]).

Moreover, the defendant failed to make a showing of a misrepresentation or that the plaintiff engaged in the type of fraud or other misconduct that would warrant vacatur of the order of reference or the judgment of foreclosure and sale pursuant to CPLR 5015 (a) (3) (see e.g. U.S. Bank N.A. v Allen, 102 AD3d 955 [2013]; U.S. Bank N.A. v Tate, 102 AD3d 859 [2013]).

Accordingly, the Supreme Court properly denied those branches of the defendant's motion which were to vacate the order of reference and judgment of foreclosure and sale entered upon her default.

In light of our determination, we need not reach the defendant's remaining contention. Eng, P.J., Leventhal, Lott and Roman, JJ., concur.