■ TUTHILL FINANCE, Respondent, v ABUNDANT LIFE CHURCH, U.P.C., INC., Also Known as ABUNDANT LIFE CHURCH, INC., Appellant, et al., Defendants. [998 NYS2d 387]—

In an action to foreclose a mortgage, the defendant Abundant Life Church, U.P.C., Inc., also known as Abundant Life Church,

Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered September 20, 2012, as denied its motion pursuant to CPLR 5015 (a) to vacate a judgment of foreclosure and sale of the same court entered March 12, 2010, upon its failure to appear or answer.

Ordered the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied the motion of the defendant Abundant Life Church, U.P.C., Inc., also known as Abundant Life Church, Inc. (hereinafter the defendant), pursuant to CPLR 5015 (a) (1) and (3) to vacate the judgment of foreclosure and sale. To the extent that the defendant sought to vacate its default pursuant to CPLR 5015 (a) (1), the defendant was not entitled to relief, as it failed to demonstrate both a reasonable excuse for its default and the existence of a potentially meritorious defense (*see generally Wells Fargo Bank, N.A. v Hampton*, 119 AD3d 856, 856 [2014]; *Jackson-Cutler v Long*, 2 AD3d 590 [2003]). To the extent the defendant sought to vacate its default pursuant to CPLR 5015 (a) (3), the defendant was not entitled to relief, as it failed to demonstrate any fraud, misrepresentation, or other misconduct on the part of the plaintiff (*see Bay Crest Assn., Inc. v Paar*, 99 AD3d 744, 746 [2012]; *Gaw v Gaw*, 80 AD3d 557, 558 [2011]; *see generally Wells Fargo Bank, N.A. v Hampton*, 119 AD3d at 856).

The defendant's contention that it was entitled to a hearing on the issue of whether the plaintiff backdated an assignment of the mortgage in order to gain the standing necessary to prosecute this action is without merit. There is no support in the record for the defendant's conclusory claim that the assignment was improperly backdated. Moreover, "as long as the plaintiff can establish its lawful status as assignee, either by written assignment or physical delivery, prior to the filing of the complaint, the recording of a written assignment after the commencement of the action does not defeat standing" (*Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 108 [2011]; *see Emigrant Mtge. Co., Inc. v Persad*, 117 AD3d 676, 677 [2014]).

The defendant's remaining contentions are not properly before this Court. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.