■ U.S. Bank National Association, Respondent, v Mohamad Hasan, Appellant, et al., Defendants. [5 NYS3d 460]—

In an action to foreclose a mortgage, the defendant Mohamad Hasan appeals from an order of the Supreme Court, Richmond County (Dollard, J.), dated February 21, 2014, which granted the plaintiff's motion for leave to enter a default judgment of foreclosure and sale against him and denied his cross motion pursuant to CPLR 317 and 5015 (a) to vacate his default in appearing or answering the complaint.

Ordered that the order is affirmed, with costs.

In July 2005, New Century Mortgage Corporation (hereinafter New Century) loaned $256,500 to the defendant Mohamad Hasan (hereinafter the defendant). The loan was evidenced by an adjustable rate note, endorsed in blank, and was secured by a mortgage on the defendant's real property in Staten Island. In or about January 2010, the defendant defaulted on his payment obligations under the note and mortgage. A written "Corporate Assignment of Mortgage" indicates that on June 2, 2010, New Century assigned the mortgage and note to the plaintiff. Thereafter, the plaintiff commenced this action. According to an affidavit of service, the defendant was served with the summons and complaint on July 19, 2010, by delivery to a coworker pursuant to CPLR 308 (2). The defendant neither appeared nor answered the complaint. On November 25, 2011, the Supreme Court issued an order of reference on default. In November 2013, the plaintiff moved for leave to enter a default judgment of foreclosure and sale. The defendant cross-moved pursuant to CPLR 317 and CPLR 5015 (a) to vacate his default in appearing or answering. The Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. The defendant appeals.

The Supreme Court properly granted the plaintiff's motion

for leave to enter a default judgment of foreclosure and sale. In support of its motion, the plaintiff produced the mortgage, the unpaid note, and evidence of the defendant's default in his payment obligations (*see Baron Assoc., LLC v Garcia Group Enters., Inc.*, 96 AD3d 793 [2012]). The plaintiff also submitted the affidavit of service of its process server, which constitutes prima facie evidence of proper service (*see Deutsche Bank Natl. Trust Co. v Quinones*, 114 AD3d 719 [2014]), and evidence of the defendant's failure to appear or answer the complaint, including the order of reference dated November 25, 2011.

The Supreme Court properly denied the defendant's cross motion to vacate his default in appearing or answering the complaint. To the extent that he moved to vacate his default pursuant to CPLR 5015 (a) (4) for lack of personal jurisdiction due to an alleged failure to serve process, the defendant's conclusory and unsubstantiated denial of service was insufficient to rebut the presumption of proper service established by the duly executed affidavit of service (*see Bank of N.Y. v Samuels*, 107 AD3d 653, 653-654 [2013]; *Deutsche Bank Natl. Trust Co. v Pietranico*, 102 AD3d 724, 725 [2013]).

Regarding that branch of the defendant's cross motion which was to vacate his default pursuant to CPLR 5015 (a) (1), he failed to establish a reasonable excuse for his default, since the only excuse proffered was that he was not served with process (*see Citimortgage, Inc. v Bustamante*, 107 AD3d 752, 753 [2013]; *Deutsche Bank Natl. Trust Co. v Pietranico*, 102 AD3d at 725). The absence of a reasonable excuse renders it unnecessary to determine whether the defendant demonstrated the existence of a potentially meritorious defense (*see Citimortgage, Inc. v Bustamante*, 107 AD3d at 753; *Reich v Redley*, 96 AD3d 1038, 1039 [2012]).

Regarding that branch of the defendant's cross motion which was to vacate his default pursuant to CPLR 5015 (a) (3), he failed to demonstrate that the plaintiff engaged in any fraud, misrepresentation or other misconduct which would warrant vacating his default in appearing or answering the complaint (*see Professional Offshore Opportunity Fund, Ltd. v Braider*, 121 AD3d 766 [2014]; *Wells Fargo Bank, N.A. v Hampton*, 119 AD3d 856 [2014]; *U.S. Bank N.A. v Allen*, 102 AD3d 955 [2013]).

Finally, the defendant is not entitled to be relieved of his default under CPLR 317, because he failed to demonstrate that he did not receive actual notice of the summons and complaint in time to defend the action, and the mere denial of receipt of the summons and complaint is insufficient (*see Capital Source*

*v AKO Med., P.C.*, 110 AD3d 1026, 1027 [2013]; *Cavalry Portfolio Servs., LLC v Reisman*, 55 AD3d 524 [2008]). Dillon, J.P., Leventhal, Chambers and Roman, JJ., concur.