■ ONE WEST BANK, Respondent, v CLEVELAND JOHNSON, Appellant. [4 NYS3d 889]—In an action to foreclose a mortgage, the defendant appeals from an order of the Supreme Court, Kings County (Martin, J.), dated December 18, 2012, which denied his motion, in effect, pursuant to CPLR 5015 (a) (4) to vacate an order of reference entered upon his default in appearing or answering the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the defendant's motion, in effect, pursuant to CPLR 5015 (a) (4) to vacate an order of reference entered upon his default. The affidavit of the plaintiff's process server constituted prima facie evidence of proper service pursuant to CPLR 308 (2) (*see Bank of N.Y. v Samuels*, 107 AD3d 653, 653 [2013]; *Emigrant Mtge. Co., Inc. v Westervelt*, 105 AD3d 896, 897 [2013]; *Wells Fargo Bank, NA v Chaplin*, 65 AD3d 588, 589 [2009]). The defendant's bare and unsubstantiated denial of service lacked the factual specificity and detail required to rebut the prima facie proof of proper service set forth in the affidavit of service (*see Emigrant Mtge. Co., Inc. v Persad*, 117 AD3d 676, 677 [2014]; *Deutsche Bank Natl. Trust Co. v White*, 110 AD3d 759, 760 [2013]; *Citimortgage, Inc. v Bustamante*, 107 AD3d 752, 753 [2013]; *Bank of N.Y. v Samuels*, 107 AD3d at 654; *U.S. Bank N.A. v Tate*, 102 AD3d 859, 859 [2013]).

In light of the foregoing, we need not reach the defendant's remaining contentions. Mastro, J.P., Chambers, Austin and Miller, JJ., concur.