SUMMITBRIDGE CREDIT INVESTMENTS, LLC, Respondent, v WILLIAM TIMOTHY WALLACE et al., Appellants, et al., Defendants. BARRY SKOLNICK, Intervenor-Respondent. [9 NYS3d 320]—

In an action to foreclose a mortgage, the defendants William Timothy Wallace and Fathia Zouiyen appeal from an order of the Supreme Court, Suffolk County (Pitts, J.), dated March 27, 2013, which denied their motion, inter alia, pursuant to CPLR 5015 to vacate a judgment of foreclosure and sale of the same

court (R. Doyle, J.) entered November 14, 2011, upon their failure to appear or answer, and to set aside the sale of the subject property.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the appellants' motion, inter alia, pursuant CPLR 5015 (a) to vacate the judgment of foreclosure and sale entered upon their default in appearing or answering, and to set aside the sale of the subject property.

The appellants failed to demonstrate their entitlement to vacatur pursuant to CPLR 5015 (a) (4) for lack of personal jurisdiction. A process server's affidavit of service constitutes prima facie evidence of proper service (*see U.S. Bank N.A. v Hasan*, 126 AD3d 683, 684 [2015]; *Deutsche Bank Natl. Trust Co. v Quinones*, 114 AD3d 719 [2014]). Here, the plaintiff submitted affidavits of service establishing, prima facie, that the appellants were properly served pursuant to CPLR 308 (2) (*see F.I. duPont, Glore Forgan & Co. v Chen*, 41 NY2d 794, 797 [1977]; *Bank of Am., N.A. v Grufferman*, 117 AD3d 508 [2014]; *cf. McCormack v Goldstein*, 204 AD2d 121, 122 [1994]). Contrary to the appellants' contention, the plaintiff's submission of supplemental affidavits of service properly cured any deficiencies in the originals (*see* CPLR 305 [c]; *Mrwik v Mrwik*, 49 AD2d 750 [1975]; *Air Conditioning Training Corp. v Pirrote*, 270 App Div 391 [1946]). The appellants failed to rebut the presumption of proper service created by the affidavits.

Contrary to the defendants' contention, the fact that the plaintiff omitted the special notice required by RPAPL 1320 from the summons it served did not deprive the Supreme Court of subject matter jurisdiction to entertain the action (*see generally Deutsche Bank Trust Co. Ams. v Shields*, 116 AD3d 653, 654 [2014]; *Pritchard v Curtis*, 101 AD3d 1502, 1504-1505 [2012]).

With respect to that branch of the appellants' motion which was pursuant to CPLR 5015 (a) (1), the only excuse they proffered in the Supreme Court was that they were not served with process. As such, they failed to establish a reasonable excuse for their default (*see U.S. Bank N.A. v Hasan*, 126 AD3d at 684; *Citimortgage, Inc. v Bustamante*, 107 AD3d 752, 753 [2013]). The absence of a reasonable excuse renders it unnecessary to determine whether the appellants demonstrated the existence of a potentially meritorious defense to the action (*see U.S. Bank N.A. v Hasan*, 126 AD3d at 684; *Cervini v Cisco Gen. Constr., Inc.*, 123 AD3d 1077 [2014]).

With respect to that branch of the appellants' motion which was pursuant to CPLR 5015 (a) (3), they failed to demonstrate

that the plaintiff engaged in any fraud, misrepresentation, or other misconduct warranting vacatur of the judgment. The appellants' conclusory allegations of fraud and misconduct were insufficient to make such a showing (*see Matter of Callwood v Cabrera*, 49 AD3d 394, 394-395 [2008]; *Rapaport v Rapaport*, 150 AD2d 353, 355 [1989]).

The appellants also failed to establish that the judgment should be vacated in the interests of substantial justice (*see Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]; *HSBC Mtge. Servs. v Talip*, 111 AD3d 889, 890 [2013]; *Mortgage Elec. Registration Sys., Inc. v Dort-Relus*, 107 AD3d 861, 862 [2013]).

The parties' remaining contentions are either improperly raised for the first time on appeal, based on matter dehors the record, or without merit. Mastro, J.P., Leventhal, Cohen and Maltese, JJ., concur.