■ BANK OF AMERICA NATIONAL ASSOCIATION, as Successor by Merger to LaSALLE BANK NATIONAL ASSOCIATION, as Trustee for MORGAN STANLEY LOAN TRUST 2006-3AR, Respondent, v JUAN PATINO, Appellant, et al., Defendants. [9 NYS3d 656]—

In an action to foreclose a mortgage, the defendant Juan Patino appeals from an order of the Supreme Court, Queens County (Greco, Jr., J.), dated January 24, 2014, which denied his motion to vacate a judgment of foreclosure and sale of the same court (Markey, J.) dated July 23, 2010, entered upon his failure to appear or answer the complaint.

Ordered that the order dated January 24, 2014, is affirmed, with costs.

In 2009, the plaintiff commenced this mortgage foreclosure action against, among others, the defendant Juan Patino (hereinafter the defendant). Upon the defendant's failure to appear or answer the complaint, a default judgment of foreclosure and sale was entered. Thereafter, the defendant moved to vacate the judgment of foreclosure and sale. In the order appealed from, the Supreme Court denied the defendant's motion, concluding, among other things, that while the defendant had established a reasonable excuse for his default, he had failed to demonstrate a potentially meritorious defense to the action.

A defendant seeking to vacate a default in answering or appearing upon the ground of excusable default must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (see CPLR 5015 [a] [1]; *Wells Fargo Bank, N.A. v Hampton*, 119 AD3d 856 [2014]). In addition, CPLR 5015 (a) (3) permits a court to vacate a judgment or order upon the ground of fraud, misrepresentation, or other misconduct of an adverse party.

The Supreme Court correctly determined that the defendant failed to demonstrate a potentially meritorious defense to the action. In support of his motion, the defendant argued that the assignment of the mortgage to the plaintiff did not comply with the terms of the original lender's pooling service agreement (hereinafter the PSA). However, the defendant did not have standing to assert noncompliance with the PSA (see *Bank of*

*N.Y. Mellon v Gales*, 116 AD3d 723, 725 [2014], citing *Rajamin v Deutsche Bank Natl. Trust Co.*, 2013 WL 1285160, 2013 US Dist LEXIS 45031 [SD NY, Mar. 28, 2013, No. 10 Civ. 7531 (LTS)], *affd* 757 F3d 79, 87 [2d Cir 2014]). Moreover, the defendant failed to make a showing of a misrepresentation or that the plaintiff engaged in fraud or other misconduct that would warrant vacatur of the judgment of foreclosure and sale pursuant to CPLR 5015 (a) (3) (*see Wells Fargo Bank, N.A. v Hampton*, 119 AD3d 856 [2014]; *U.S. Bank N.A. v Allen*, 102 AD3d 955 [2013]; *U.S. Bank N.A. v Tate*, 102 AD3d 859 [2013]). The defendant's remaining contentions are either without merit or are improperly raised for the first time on appeal.

Accordingly, the Supreme Court properly denied the defendant's motion to vacate the judgment of foreclosure and sale. Mastro, J.P., Leventhal, Cohen and Maltese, JJ., concur.