■ US Bank National Association, as Trustee for MASTR Asset-Backed Securities Trust 2006-WMC2, 3476 State View Boulevard, Ft. Mill, SC 29715, Respondent, v Althea Smith et al., Appellants, et al., Defendants. [19 NYS3d 62]—

In an action to foreclose a mortgage, the defendants Althea

Smith and Stephen Smith appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Queens County (James J. Golia, J.), dated April 11, 2013, as granted those branches of the plaintiff's motion which were to hold them in default upon their failure to appear or answer the complaint and for an order of reference, and (2) so much of an order of the same court dated October 8, 2013, as denied those branches of their motion which were for leave to renew and reargue their opposition to those branches of the plaintiff's motion which were to hold them in default upon their failure to appear or answer the complaint and for an order of reference, and, in effect, pursuant to CPLR 5015 (a) to vacate their default in appearing or answering the complaint.

Ordered that the order dated April 11, 2013, is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from so much of the order dated October 8, 2013, as denied that branch of the motion of the defendants Althea Smith and Stephen Smith which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument (see Bank of N.Y. v Waters, 127 AD3d 1005 [2015]); and it is further,

Ordered that the order dated October 8, 2013, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff commenced this action to foreclose a mortgage against, among others, the defendants Althea Smith and Stephen Smith (hereinafter together the appellants). According to affidavits of service, the appellants were served by personal delivery of copies of the summons and complaint upon Althea Smith at the appellants' residence on October 8, 2009, followed by a mailing of copies of the summons and complaint to that address. The appellants did not timely appear or answer the complaint. In November 2012, the plaintiff moved, inter alia, to hold the appellants in default upon their failure to appear or answer the complaint and for an order of reference. In an order dated April 11, 2013, insofar as relevant here, the Supreme Court granted those branches of the plaintiff's motion. In June 2013, the appellants moved, inter alia, for leave to renew and reargue their opposition to those branches of the plaintiff's motion and, in effect, pursuant to CPLR 5015 (a) to vacate their default in appearing or answering the complaint. In an order dated October 8, 2013, the Supreme Court denied those branches of the appellants' motion.

Contrary to the appellants' contention, the Supreme Court properly granted those branches of the plaintiff's motion which

were to hold the appellants in default upon their failure to appear or answer the complaint and for an order of reference. In support of its motion, the plaintiff submitted, inter alia, an affidavit of merit from a representative of its servicing agent, accompanied by a power of attorney demonstrating the authority of the agent to act on behalf of the plaintiff (*see U.S. Bank N.A. v Poku*, 118 AD3d 980, 981 [2014]; *cf. HSBC Bank USA, N.A. v Betts*, 67 AD3d 735, 736 [2009]), which set forth the facts establishing the claim, including that the plaintiff was the holder of the mortgage and note and that the appellants defaulted thereon, and proof that the appellants failed to answer within the time allowed (*see US Bank N.A. v Flowers*, 128 AD3d 951 [2015]; *Wells Fargo Bank, NA v Ambrosov*, 120 AD3d 1225, 1226 [2014]; *Bank of N.Y. v Cepeda*, 120 AD3d 451 [2014]).

Furthermore, the Supreme Court properly denied that branch of the appellants' motion which was for leave to renew their opposition to the plaintiff's motion, since they asserted no new facts in support of their motion (*see Dimery v Ulster Sav. Bank*, 116 AD3d 731 [2014]; *Blackburn v Wysong & Miles Co.*, 11 AD3d 421, 423 [2004]).

Additionally, the Supreme Court properly denied that branch of the appellants' motion which was, in effect, pursuant to CPLR 5015 (a) to vacate their default in appearing or answering the complaint. The appellants failed to demonstrate their entitlement to vacatur pursuant to CPLR 5015 (a) (4) for lack of personal jurisdiction. The plaintiff submitted affidavits of service establishing, prima facie, that the appellants were properly served pursuant to CPLR 308 (1) and (2) (*see Summitbridge Credit Invs., LLC v Wallace*, 128 AD3d 676, 677 [2015]; *Community W. Bank, N.A. v Stephen*, 127 AD3d 1008, 1009 [2015]). The appellants' bare and unsubstantiated denial of service lacked the factual specificity and detail required to rebut the prima facie proof of proper service set forth in the affidavits of service (*see Community W. Bank, N.A. v Stephen*, 127 AD3d at 1009; *Deutsche Bank Natl. Trust Co. v Pietranico*, 102 AD3d 724 [2013]). Further, contrary to the appellants' contention, lack of standing is not a defect that deprives a court of subject matter jurisdiction for purposes of CPLR 5015 (a) (4) (*see U.S. Bank, N.A. v Peters*, 127 AD3d 742, 743 [2015]; *Deutsche Bank Natl. Trust Co. v Hunter*, 100 AD3d 810 [2012]).

The appellants also failed to demonstrate their entitlement to vacatur pursuant to CPLR 5015 (a) (1), since the only excuse they proffered was that they were not served with process. Thus, they failed to establish a reasonable excuse for their

default (*see Summitbridge Credit Invs., LLC v Wallace*, 128 AD3d at 677; *Community W. Bank, N.A. v Stephen*, 127 AD3d at 1009; *Bank of N.Y. v Samuels*, 107 AD3d 653 [2013]). The absence of a reasonable excuse renders it unnecessary to determine whether the appellants demonstrated the existence of a potentially meritorious defense to the action (*see U.S. Bank N.A. v Hasan*, 126 AD3d 683, 684 [2015]; *Wells Fargo Bank, N.A. v Christie*, 83 AD3d 824 [2011]).

Further, the appellants failed to establish that the plaintiff engaged in any fraud, misrepresentation, or other misconduct warranting vacatur of the judgment pursuant to CPLR 5015 (a) (3). The appellants could not obtain vacatur of the judgment pursuant to CPLR 5015 (a) (3) merely by alleging fraud in the underlying transaction (*see Rossrock Fund II, L.P. v Norlin Corp.*, 128 AD3d 1046, 1047 [2015]; *Cofresi v Cofresi*, 198 AD2d 321 [1993]).

The appellants' remaining contentions are either without merit or not properly before this Court. Dillon, J.P., Miller, Maltese and LaSalle, JJ., concur.