■ NEW CENTURY MORTGAGE CORPORATION, Respondent, v LANRE ADEYAN-JU, Appellant, et al., Defendants. [32 NYS3d 193]—

In an action to foreclose a mortgage, the defendant Lanre Adeyan-Ju appeals from an order of the Supreme Court, Richmond County (Dollard, J.), dated June 7, 2014, which denied his motion, in effect, to vacate a judgment of foreclosure and sale.

Ordered that the order is affirmed, with costs.

On January 4, 2006, the defendant Lanre Adeyan-Ju (hereinafter the appellant) executed an adjustable rate note promising to repay the plaintiff the principal sum of $302,250. The loan was secured by a mortgage on an apartment building in Staten Island. The appellant defaulted on the note on October 1, 2007. In 2008, the plaintiff commenced this mortgage foreclosure action against, among others, the appellant. Upon the appellant's failure to appear or answer the complaint, a default judgment of foreclosure and sale was entered.

In an order dated March 13, 2012, the Supreme Court (Fusco, J.) granted a pro se motion by the appellant to vacate the judgment of foreclosure and sale, and directed the appellant to answer the complaint within 45 days. However, the appellant failed to file a timely answer or take any further action in this case for approximately two years.

The plaintiff moved once again for leave to enter a default judgment of foreclosure and sale. The appellant did not oppose, and the Supreme Court granted the motion. Thereafter, the appellant moved, pro se, to "vacate/dismiss foreclosure for lack of standing." The court denied the motion. We affirm.

A defendant seeking to vacate a default in answering or appearing upon the ground of excusable default must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (see CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Bank of Am. N.A. v Patino*, 128 AD3d 994, 994 [2015]; *Wells Fargo Bank, N.A. v Hampton*, 119 AD3d 856 [2014]). "The absence of a reasonable excuse renders it unnecessary to determine . . . the existence of a potentially meritorious defense to the action" (*US Bank N.A. v Smith*, 132 AD3d 848, 851 [2015]; *see U.S. Bank N.A. v Hasan*, 126 AD3d 683, 684 [2015]; *Citimortgage, Inc. v Bustamante*, 107 AD3d 752, 753 [2013]). Here, the appellant failed to proffer a reasonable excuse for failing to appear or answer the complaint. Thus, it is unnecessary for us to consider whether he sufficiently demonstrated the existence of a potentially meritorious defense (*see US Bank N.A. v Smith*, 132 AD3d 848 [2015]; *Citimortgage, Inc. v Bustamante*, 107 AD3d at 753; *Bank of Am. v Faracco*, 89 AD3d 879, 880 [2011]; *see also Williamson v Marlou Cab Corp.*, 129 AD3d 711, 712 [2015]). Mastro, J.P., Chambers, Roman and Maltese, JJ., concur.