■ In the Matter of FORECLOSURE OF TAX LIENS BY PROCEEDING IN REM. VILLAGE/TOWN OF SCARSDALE, Respondent; EDWARD J. KREUTER, Appellant. [42 NYS3d 223]—

In a proceeding pursuant to Real Property Tax Law article 11 to foreclose tax liens, Edward J. Kreuter appeals from an order of the Supreme Court, Westchester County (O. Bellantoni, J.), dated May 19, 2014, which denied his motion pursuant CPLR 317 and 5015 (a) to vacate a judgment of foreclosure and sale entered December 19, 2013, upon his failure to answer or appear, and to dismiss the petition.

Ordered that the order is affirmed, with costs.

The Village/Town of Scarsdale (hereinafter the Village) commenced this proceeding, inter alia, to enforce the payment of delinquent taxes on two parcels of land owned by Edward J. Kreuter (hereinafter the appellant). In December 2013, upon the appellant's failure to answer or appear, a judgment of foreclosure and sale was entered conveying the two parcels to the Village. Thereafter, the appellant moved pursuant to CPLR 317 and 5015 (a) (1), (3) and (4) to vacate the judgment of foreclosure and sale and to dismiss the petition. In an order dated May 19, 2014, the Supreme Court denied the motion.

The Supreme Court properly denied the appellant's motion to vacate the judgment and to dismiss the petition. Under CPLR 5015 (a) (4), a default must be vacated once the movant demonstrates lack of jurisdiction (see Deutsche Bank Natl. Trust Co. v Pestano, 71 AD3d 1074, 1075 [2010]; Matter of Qadeera Tonezia D., 55 AD3d 606 [2008]). Here, to the extent that the appellant moved to vacate his default pursuant to CPLR 5015 (a) (4) for lack of personal jurisdiction due to an alleged failure to comply with the notice requirements of the RPTL, the Supreme Court properly held that the appellant's conclusory and unsubstantiated denial of service was insufficient to rebut the presumption of proper service established by the duly executed affidavit of service (see U.S. Bank N.A. v Hasan, 126 AD3d 683, 684 [2015]; Bank of N.Y. v Samuels, 107 AD3d 653, 653-654 [2013]; Deutsche Bank Natl. Trust Co. v Pietranico, 102 AD3d 724, 725 [2013]). Moreover, the record, including the appellant's own submissions, indicated that he had actual notice of the foreclosure proceeding (see Matter of Vilca v Village of Port Chester, 255 AD2d 593, 594-595 [1998]).

That branch of the appellant's motion which was to vacate his default pursuant to CPLR 5015 (a) (1) also was properly denied. The appellant failed to establish a reasonable excuse for his default, since the only excuse proffered was that he was not served with process (see Citimortgage, Inc. v Bustamante, 107 AD3d 752, 753 [2013]; Deutsche Bank Natl. Trust Co. v Pietranico, 102 AD3d at 725). The absence of a reasonable excuse renders it unnecessary to determine whether the appellant demonstrated the existence of a potentially meritorious defense (see Citimortgage, Inc. v Bustamante, 107 AD3d at 753; Reich v Redley, 96 AD3d 1038, 1039 [2012]).

Moreover, the appellant failed to demonstrate, pursuant to CPLR 5015 (a) (3), that the Village engaged in any fraud, misrepresentation, or other misconduct which would warrant vacating his default in appearing or answering the complaint (see Professional Offshore Opportunity Fund, Ltd. v Braider,

121 AD3d 766 [2014]; *Wells Fargo Bank, N.A. v Hampton*, 119 AD3d 856 [2014]; *U.S. Bank N.A. v Allen*, 102 AD3d 955 [2013]).

The appellant's remaining contentions are without merit. Dillon, J.P., Dickerson, Duffy and Connolly, JJ., concur.