In an action to foreclose a mortgage, the defendant George M. Smart, Jr., appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), entered January 11, 2016, as denied those branches of his motion which were to vacate a judgment of foreclosure and sale of the same court entered February 26, 2014, upon his default in answering the complaint, to set aside the foreclosure sale of the subject property, and to dismiss the complaint insofar as asserted against him for lack of standing and for failure to comply with RPAPL 1304.
 

 Ordered that the order is affirmed insofar as appealed from, with costs.
 

 A defendant seeking to vacate a default in answering or appearing upon the ground of excusable default must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (see CPLR 5015 [a] [1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]; Bank of Am. N.A. v Patino, 128 AD3d 994, 994 [2015]; Wells Fargo Bank, N.A. v Hampton, 119 AD3d 856 [2014]). “The absence of a reasonable excuse renders it unnecessary to determine . . . the existence of a potentially meritorious defense to the action” (US Bank N.A. v Smith, 132 AD3d 848, 851 [2015]; see U.S. Bank N.A. v Hasan, 126 AD3d 683, 684 [2015]; Citimortgage, Inc. v Bustamante, 107 AD3d 752, 753 [2013]).
 

 Here, the Supreme Court providently exercised its discretion in determining that the defendant George M. Smart, Jr., failed to proffer a reasonable excuse for failing to answer the complaint. Thus, it is unnecessary for this Court to consider whether Smart sufficiently demonstrated the existence of a potentially meritorious defense (see US Bank N.A. v Smith, 132 AD3d at 851; Citimortgage, Inc. v Bustamante, 107 AD3d at 753; Bank of Am. v Faracco, 89 AD3d 879, 880 [2011]; see also Williamson v Marlou Cab Corp., 129 AD3d 711, 712 [2015]).
 

 Accordingly, the Supreme Court properly denied those branches of Smart’s motion which were to vacate his default and to dismiss the complaint insofar as asserted against him.
 

 Dillon, J.P., Balkin, Hall and LaSalle, JJ., concur.