Nationstar Mtge., LLC v Wright (2019 NY Slip Op 06608)





Nationstar Mtge., LLC v Wright


2019 NY Slip Op 06608


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2016-13308
 (Index No. 507960/13)

[*1]Nationstar Mortgage, LLC, respondent,
v
Rhonda Wright, appellant, et al., defendants.


Berg & David, PLLC, Brooklyn, NY (Abraham David and Megha Patel of counsel), for appellant.
Sandelands Eyet LLP, New York, NY (Laurence P. Chirch and Kathleen Cavanaugh of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Rhonda Wright appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated September 23, 2016. The order granted the plaintiff's motion for leave to enter a default judgment pursuant to CPLR 3215 against that defendant and for an order of reference, and denied that defendant's cross motion to dismiss the complaint insofar as asserted against her or, in the alternative, for leave to file a late answer.
ORDERED that the order is affirmed, with costs.
In April 2007, the defendant Rhoda Wright (hereinafter the defendant) borrowed a sum of money from Lehman Brothers Bank, FSB (hereinafter Lehman), secured by a mortgage on certain real property she owned in Brooklyn. In December 2013, the plaintiff, an assignee of the note and mortgage, commenced this foreclosure action against the defendant and others. The defendant failed to answer, and, on October 9, 2015, the plaintiff moved for leave to enter a default judgment against that defendant and for an order of reference. On November 5, 2015, alleging that the plaintiff had failed to properly serve her or to comply with the mortgage's notice requirements, the defendant cross-moved to dismiss the complaint insofar as asserted against her or, in the alternative, for leave to file a late answer. On May 20, 2016, pursuant to a referral order, a hearing to determine the validity of service of process was held; the hearing court determined that service of process had been properly made upon the defendant. Thereafter, in an order dated September 23, 2016, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion.
The sole argument presented by the defendant on this appeal is that the complaint insofar as asserted against her should have been dismissed based on the plaintiff's failure to provide the borrowers with a notice of default in accordance with the terms of the mortgage agreement. However, a defendant who has failed to timely answer a complaint and who seeks leave to file a late answer must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action (see Bank of Am., N.A. v Viener, 172 AD3d 795, 796; Duprat v BMW Fin. Servs., NA, LLC, 142 AD3d 946, 947; Citimortgage, Inc. v Kowalski, 130 AD3d 558, 558; Deutsche Bank Trust Co. Ams. v Marous, 127 AD3d 1012, 1012). Here, since the only excuse the defendant [*2]proffered was that she was not properly served with process, and she has not challenged the hearing court's rejection of that defense, we agree with the Supreme Court's determination that the defendant failed to establish a reasonable excuse for her default (see Summitbridge Credit Invs., LLC v Wallace, 128 AD3d 676, 677; U.S. Bank N.A. v Hasan, 126 AD3d 683, 684; Citimortgage, Inc. v Bustamante, 107 AD3d 752, 753). "The absence of a reasonable excuse renders it unnecessary to determine whether the [defendant] demonstrated the existence of a potentially meritorious defense to the action" (Summitbridge Credit Invs., LLC v Wallace, 128 AD3d at 677; see HSBC Bank USA, N.A. v Smart, 155 AD3d 843; US Bank N.A. v Smith, 132 AD3d 848, 851; U.S. Bank N.A. v Hasan, 126 AD3d at 684).
Accordingly, we affirm the order.
BALKIN, J.P., ROMAN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court