Nationstar Mtge., LLC v Thompson (2020 NY Slip Op 00389)





Nationstar Mtge., LLC v Thompson


2020 NY Slip Op 00389


Decided on January 21, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 21, 2020

Manzanet-Daniels, J.P., Gesmer, Oing, Moulton, González, JJ.


10826 381260/12

[*1] Nationstar Mortgage, LLC, Plaintiff-Respondent,
v
June Thompson, Defendant-Appellant, Darlene Bennett, et al., Defendants.


The Rosenfeld Law Office, Lawrence (Avi Rosenfeld of counsel), for appellant.
Sandelands Eyet LLP, New York (Michael T. Madaio of counsel), for respondent.



Judgment of foreclosure and sale, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about March 20, 2018, granting plaintiff's motion for a judgment of foreclosure and sale of the mortgaged premises, and affirming the Referee's report of the amount owed plaintiff, unanimously affirmed, without costs.
Defendant Thompson first appeared in this foreclosure action by opposing plaintiff's motion for judgment of foreclosure and sale and to confirm the referee's report. We note, among other things, that she did not seek to vacate her default in answering or appearing (see CPLR 5015[a][1]; Bank of Am. N.A. v Patino, 128 AD3d 994, 994 [2d Dept], lv dismissed 26 NY3d 975 [2015]). In opposition to plaintiff's motion for judgment of foreclosure and sale, Thompson failed to submit sufficient evidence for the motion court to consider, since she only submitted an attorney affirmation with no basis in personal knowledge (see Zuckerman v City of New York, 49 NY2d 557, 563 [1980]).
Under these circumstances, the motion court providently exercised its discretion in awarding plaintiff the interest that accrued on the mortgage from the date of the referee's report to the date of entry of judgment (see BAC Home Loans Servicing, L.P. v Jackson, 159 AD3d 861, 862 [2d Dept 2018]).
We have considered Thompson's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 21, 2020
CLERK