■ FRANK MIZERIK, Appellant, v SUSAN MIZERIK, Respondent.—Levine, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Rubenfeld, J.H.O.), entered August 17, 1989 in Putnam County, upon a decision of the court in favor of defendant.

Plaintiff and defendant were divorced in 1976 pursuant to a judgment which incorporated the parties' earlier separation agreement, dated March 4, 1975. That agreement provided, inter alia, that plaintiff was to pay defendant weekly maintenance and support and that the marital home was to be sold within one year from the date of the agreement. After plaintiff defaulted in making the requisite payments, defendant, in 1978, commenced an enforcement action in Supreme Court, Westchester County. In a decision dated January 3, 1979, the court awarded defendant arrearages in the amount of $15,980 and directed the immediate sale of the parties' vacation home and the sale of the marital home within four months from the date of entry of its judgment. That judgment was not entered until April 21, 1981.

In July 1979, between the date of Supreme Court's decision and entry of the judgment thereon, defendant obtained a default judgment against plaintiff in the Town of Carmel Justice Court in the amount of $3,214, representing support arrearages subsequent to Supreme Court's decision. That judgment was then docketed in Putnam County and ultimately satisfied in 1980 through a Sheriff's sale of plaintiff's one-half interest in the marital home. The purchaser, defendant's employer, paid $3,500 for the interest which he eventually transferred to defendant for the same amount.

In April 1983, plaintiff commenced the instant action seek-

ing, *inter alia,* to set aside the above-described conveyances as fraudulent and to collect the fair rental value of both the marital home and the vacation home (which has subsequently been sold and the proceeds placed in escrow). Following a bench trial, Supreme Court dismissed the complaint in its entirety. This appeal by plaintiff followed.

We affirm. Plaintiff averred in his first two causes of action that he was never served in the Justice Court action, that he received no notice of the execution sale and that defendant obtained the default judgment and procured the sale of his interest in the marital home through fraud. Clearly, based upon the foregoing allegations, plaintiff is ultimately seeking to be relieved from the Justice Court judgment. Therefore, we agree with Supreme Court that plaintiff's remedy is to obtain relief by way of motion to the Justice Court to vacate the judgment upon the grounds of lack of jurisdiction and/or fraud, misrepresentation or misconduct on the part of defendant *(see,* CPLR 5015 [3], [4]; *Catalano v Catalano,* 158 AD2d 570, 573; *Rizzo v Ippolito,* 137 AD2d 511, 513; *Carlson v Cooper,* 122 AD2d 927, 927-928, *lv denied* 69 NY2d 602). In the event that such a motion is successful, the Sheriff's sale will be rendered void *(see, McCracken v Flanagan,* 141 NY 174; *Roosevelt Hardware v Green,* 72 AD2d 261, 263, 265; *see also,* CPLR 5240; 6 Weinstein-Korn-Miller, NY Civ Prac ¶ 5240.06).

We also conclude that Supreme Court properly dismissed plaintiff's third cause of action because his interest in the marital home and, therefore, his right to recover his share of its fair rental value were extinguished by the Sheriff's sale. Finally, with regard to the fourth cause of action, Supreme Court found that plaintiff failed to prove at trial that the delay in selling the parties' vacation home was defendant's fault or to establish the fair rental value of the property. We see nothing in the record to warrant a disturbance of that determination.

Judgment affirmed, with costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.