■ MARK HERSKOWITZ et al., Respondents, v CLAIRE FRIEDLANDER, Appellant, et al., Defendants. [637 NYS2d 726] —Order, Supreme Court, New York County (Walter Tolub, J.), entered October 3, 1994, which, inter alia, denied defendants' motion to vacate the judgment of the same court (Eugene Nardelli, J.), entered February 26, 1988, directing them to convey their interest in the shares allocated to apartment 10B at 490 West

End Avenue, New York, New York, unanimously modified, on the law and the facts and in the exercise of discretion, only to the extent of remanding the matter for a determination of the terms and conditions of the closing and directing both parties to close on the apartment within 30 days from the date of the court's order setting such terms and conditions. As so modified, the order is otherwise affirmed, without costs.

Under the present facts and circumstances, the IAS Court properly denied defendants' motion to set aside the judgment pursuant to CPLR 5015 (a) (3) and (4) made some six years after the judgment had been entered and nearly four years after the appeal therefrom was dismissed for failure to perfect.

Defendants may not attack the viability of a judgment by urging, so many years after the judgment, that a necessary party to the action was not joined, particularly where defendants did not assert lack of jurisdiction and/or the nonjoinder of a necessary party in their answer to the complaint and never, at any time, informed either the court or plaintiffs that a purportedly necessary party had not been named as one of the defendants.

As for the "fraud, misrepresentation, or other misconduct" referred to in paragraph (3) of CPLR 5015 (a), these factors are applicable to what has either occurred prior to the judgment or was the means by which the judgment was obtained (*see, Oppenheimer v Westcott*, 47 NY2d 595; *Mizerik v Mizerik*, 170 AD2d 886; *Sirota v Kloogman*, 140 AD2d 426; *Abacus Real Estate Fin. Co. v P.A.R. Constr. & Maintenance Corp.*, 128 AD2d 821; *Greenwich Sav. Bank v JAJ Carpet Mart*, 126 AD2d 451).

We have considered defendant-appellant's remaining arguments and find them to be without merit. However, given the passage of time since entry of the judgment, we deem it appropriate to remand the matter for determination of the terms and conditions of the closing, which should take place promptly thereafter. Concur—Milonas, J. P., Ellerin, Wallach, Kupferman and Williams, JJ.