■ PENELOPE S. NACHMAN, Respondent, v JOSEPH R. NACHMAN, Respondent. GLAZER & GOTTLIEB, Nonparty Appellant. [710 NYS2d 357] —Order, Supreme Court, New York County (Emily Goodman, J.), entered on or about January 14, 1999, which denied nonparty appellant Glazer & Gottlieb's motion to vacate a portion of the parties' judgment of divorce, unanimously reversed, on the law and the facts, with costs, the motion granted, that portion of the divorce judgment which incorporates the parties' stipulation of settlement vacated, and the escrow agent directed to release the escrowed funds to Glazer & Gottlieb.

Penelope and Joseph Nachman were married in June 1969 and had two sons, both of whom are now emancipated. In July

1988, Ms. Nachman commenced the underlying divorce action and in December 1991, retained Glazer & Gottlieb (G&G) to act as co-counsel to Carl M. Bornstein, Esq.

This appeal relates to an escrow account containing $85,000 which was initially created by Bornstein to hold the net proceeds of the sale of a New Jersey home, previously owned by the couple, pending payment of the capital gains tax. Pursuant to a letter agreement dated September 19, 1995, Ms. Nachman agreed that "if the escrow is awarded to you, [Bornstein] is directed to pay to G&G the sum of $45,000 against the balance of legal fees."

On November 21, 1995, however, the Nachmans entered into a stipulation of settlement pursuant to which the parties agreed, *inter alia*, that Mr. Nachman and the Nachmans' two adult sons were to receive the entire balance of the escrow fund. The stipulation was prepared by Mr. Nachman's attorney and neither G&G nor Bornstein was aware of the negotiations leading up to the stipulation or of its execution. On November 28, 1995, Ms. Nachman terminated G&G and notified it of the stipulation, although allegedly not of its terms.*

The following day, G&G appeared before Justice Jacqueline Silbermann and objected to the provision in the stipulation which conveyed Ms. Nachman's entire interest in the escrow account to Mr. Nachman while she still owed G&G legal fees and in the face of the previously executed letter agreement. Justice Silbermann,however, found the issue moot as G&G no longer represented Ms. Nachman.

On December 7, 1995, G&G commenced a plenary action against Ms. Nachman for legal fees and against Bornstein for an order of attachment against the escrow. On December 21, 1995, Justice Silbermann signed the judgment of divorce, which incorporated the stipulation of settlement, and on the same day, Justice Carol Arber denied G&G's motion in the plenary action for an interim order of attachment. This Court thereafter affirmed Justice Arber's order denying attachment of the funds, but held that "[p]ending the determination of legal fees, we direct that the escrowed funds remain in escrow" (*Glazer & Gottlieb v Nachman*, 234 AD2d 105).

A trial was thereafter held before Justice Goodman in the plenary action and judgment was entered in G&G's favor for

---

* On appeal, respondent avers, on more than one occasion, that G&G was terminated for ineffective assistance of counsel, but, somewhat remarkably, in the very next paragraph, states that G&G "refused to provide further services in connection with an upcoming appeal" and left Ms. Nachman "to fend for herself."

legal fees in the amount of $89,200.48. In furtherance thereof, Bornstein was directed to release the contents of the escrow account to G&G. A conference was then held before Justice Silbermann in an attempt to reconcile the judgment of divorce, which incorporates the stipulation of settlement directing the release of the escrow funds to Mr. Nachman and the parties' two children, and the judgment in the plenary action, which ordered the release of the escrow funds to G&G. G&G maintains that at that time, Justice Silbermann invited G&G to move to vacate the judgment of divorce, thereby creating an appealable order. The motion was assigned to Justice Goodman, and it is the denial of that motion which we now address.

CPLR 5015 (a) provides that: "The court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any *interested person* with such notice as the court may direct" (emphasis added).

An "interested person" who has standing to bring a motion to modify or vacate a judgment or order has been defined, numerous times, in the following manner: "[t]o seek relief from a judgment or order, all that is necessary is that some legitimate interest of the moving party will be served and that judicial assistance will avoid injustice" (10 Weinstein-Korn-Miller, NY Civ Prac ¶ 5015.15, quoted with approval as 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5015.15 in *Oppenheimer v Westcott*, 47 NY2d 595, 602; *Lane v Lane*, 175 AD2d 103, 105; *Jakobleff v Jakobleff*, 108 AD2d 725).

CPLR 5015 (a) (3) authorizes the court to relieve an aggrieved party from a judgment upon the grounds of "fraud, misrepresentation, or other misconduct of an adverse party" (*see, Oppenheimer v Westcott, supra*, at 602), and these factors are applicable to what has either occurred prior to the judgment orwas the means by which the judgment was obtained (*Herskowitz v Friedlander*, 224 AD2d 305, 306; *Mizerik v Mizerik*, 170 AD2d 886).

In the matter presently before us, Ms. Nachman entered into the settlement agreement transferring the entire escrow fund to Mr. Nachman on or about November 21, 1995, barely two months after executing a letter agreement acknowledging that G&G was entitled to $45,000 of that fund should it be awarded to her. The negotiations leading up to the settlement were admittedly done without G&G's or Bornstein's knowledge and resulted in the relinquishment by Ms. Nachman of her sole asset. Moreover, the stipulation of settlement clearly states that Ms. Nachman was represented by G&G. This was certainly a misrepresentation to the court and, when questioned by the

court on that point, Ms. Nachman acknowledged that G&G had been unaware of the negotiations and that she had spoken to a friend who was an attorney, although no notice of substitution or notice of appearance had been served or filed.

The stipulation also states that the "wife has made independent arrangements to pay her own counsel fees for the rendering of legal services," an arrangement, if one could be said to exist, which was negated by the very terms of that same agreement. In addition, G&G was not made aware of the stipulation until it was informed that it had been terminated, and neither G&G nor Bornstein, who apparently was not discharged, was served with a copy of the divorce judgment; therefore, neither apparently knew that the stipulation had been incorporated therein.

In view of the foregoing, we find that G&G is an interested party within the meaning of CPLR 5015 and, further, that sufficient evidence of fraud and misrepresentation on Ms. Nachman's part exists to warrant granting G&G's motion to vacate that part of the divorce judgment that incorporates the stipulation of settlement. Concur—Nardelli, J. P., Mazzarelli, Lerner and Friedman, JJ.