■ In the Matter of ELIZABETH L. DE SANCHEZ, as Grantor. PEDRO ARELLANO LAMAR et al., Movants Appellants, and EUGENIO J. SILVA et al., Cross Movants Appellants; JPMORGAN CHASE BANK, Respondent. [870 NYS2d 24]—

In 1927, two years before the Great Depression, Elizabeth Laurent de Sanchez, whose family owned a sugar plantation in Cuba, set up seven inter vivos trusts for the benefit of her six children—Emilio (two trusts in his name), Jorge, Julio, Marcelo, Maria and Gabriela. In 1953, following the grantor's death, the first intermediate accounts for these trusts were settled and approved by Supreme Court, New York County, for Hanover Bank, as successor in interest to Central Union Trust Company and predecessor in interest to JPMorgan Chase Bank. In 1974, the court settled the bank's second intermediate accounts for the Emilio trusts, and in 1975, the court approved the bank's second and final accounts for the Jorge and Marcelo trusts. A half-century after the first accountings and more than 30 years after the second accountings, appellants—the grantor's grandchildren, great grandchildren and great great grandchildren—seek to vacate the judgments settling these accounts on the grounds that the bank engaged in constructive fraud against them, and the court never obtained personal jurisdiction over them.

Contrary to appellants' contentions, the motion court did not improperly raise the issue of timeliness sua sponte; the bank actually argued in its 2005 memorandum of law that the motions were untimely. Although the applicable standard of review is disputed, under either standard—CPLR 317 or 5015—the motions were untimely. Even had the motions been timely, the arguments asserted on appeal—lack of personal jurisdiction and "overwhelming evidence" of constructive fraud—would be without merit.

With respect to personal jurisdiction, it is well established that the affidavit of a process server constitutes prima facie evidence of proper service. The mere denial of receipt of service is "insufficient to rebut the presumption of proper service created by a properly-executed affidavit of service" (*De La Barrera v Handler*, 290 AD2d 476, 477 [2002]). Appellants' affidavits contained simply conclusory denials, and were thus insufficient to rebut the presumption of proper service (*see e.g. Ortiz v Santiago*, 303 AD2d 1, 3-4 [2003]). In any event, appellants' interests were "virtually represented" by the grantor's eldest living survivor in each line of descent (*see* CPLR 7703; SCPA 315). Her descendants, including the movants and cross movants herein, are successor income and contingent remainder beneficiaries. Neither the grantor nor any of appellants had present interests in income. Therefore, there was no need to serve the movants and cross movants with process in the accounting, since the grantor's interest was aligned with that of her progeny (*see Matter of Schwartz*, 71 Misc 2d 80 [1972]).

The remaining arguments with respect to personal jurisdiction are without merit. Cross movants' contention that the grantor's estate was a necessary party in the 1952 proceeding, so many years after the judgment, does not require that it be set aside as to them (*see Herskowitz v Friedlander*, 224 AD2d 305, 306 [1996]). The petitions and orders to show cause adequately apprised the interested persons of the nature of the proceedings, and stated that the bank sought accountings for the trusts and to be relieved of any liability for its acts concerning those trusts for the periods of the accounts.

A judgment or order may be vacated for "fraud, misrepresentation, or other misconduct of an adverse party" (CPLR 5015 [a] [3]). After the trusts were created in 1927, the goal of the investment fiduciary throughout the Great Depression and long thereafter was to preserve the principal while creating a reasonable income (*see Matter of Carnell*, 260 App Div 287, 289 [1940], *affd* 284 NY 624 [1940]). "The rule in respect of the duty of a trustee is to keep funds in a state of security, productive of interest and subject to future recall" (*Matter of Flint*, 240 App Div 217, 226 [1934], *affd* 266 NY 607 [1935]). The trust investments were not for growth of assets for the grantor's grandchildren and great grandchildren, but rather in accordance with her express direction that they be in securities that were "long term" and "tax exempt." Furthermore, extensive correspondence confirms that she and her family were kept apprised of the investments, and Emilio Sanchez confirmed that "all the changes during all the years have been done with my approval and that of Mrs. Elizabeth Laurent de Sanchez."

With respect to mortgage participation, where there has been full disclosure followed by judicial decree, postdecree objections on matters raised by the accounting cannot suffice to open the decree (*see Matter of Van Deusen*, 24 Misc 2d 611, 616-617 [1960]). The record shows that the bank communicated extensively with the beneficiaries as to mortgage participation and did not conceal anything. In addition, there was no self-dealing, as the bank merely purchased the mortgage for the trust.

Finally, the bank did not misrepresent precedent concerning the rule against perpetuities to the grantor, the beneficiaries, and the court in the 1974 proceeding concerning Jorge's and Marcelo's trusts, as there is a long-standing principle of interpretation that when there is an alternative possible construction that would not violate the rule, the trust will not be invalidated and a construction that does not violate the rule will be found to be the one the grantor intended (EPTL 9-1.3 [b]; *see Schettler v Smith*, 41 NY 328, 336 [1869]). In this case, the problem arose because some of the grantor's children did not have issue of their own. It is unreasonable to argue that the grantor intended the trusts to be invalidated; in fact, the construction provided by the bank's counsel was clearly communicated to counsel for all parties, and no objections were raised.

We have considered appellants' remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman, Gonzalez, McGuire and Acosta, JJ.