■ 60 E. 9TH ST. OWNERS CORP., Respondent, v ALBERT N. ZIHENNI, Appellant. [975 NYS2d 32]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered September 28, 2012, which denied defendant's motion to vacate an order striking his answer and counterclaims for failure to appear at a scheduled conference, unanimously affirmed, with costs.

By order entered on November 22, 2011, the court granted a motion by defendant's former counsel to be relieved. The court directed service of a copy of the order upon defendant at his last known address by certified mail, return receipt requested. It further provided that defendant was to appear with new counsel for a status conference to be held on January 18, 2012 at 2:30 p.m. According to former counsel's affidavit of service, he served

defendant on December 9, 2011 with a copy of the order and a notice directing defendant to select substitute counsel and appear at the courtroom with said substitute counsel "on January 18, 2011 [sic] at 2:30 p.m." The affidavit states that the order and notice were served, as directed, upon defendant by certified mail, return receipt requested and regular mail, in addition. This appeal is from the court's order denying defendant's motion to vacate the January 18, 2012 calendar order striking defendant's answer pursuant to 22 NYCRR 202.27 upon defendant's failure to attend the status conference.

Defendant made the motion pursuant to CPLR 5015 (a) (1) on the ground of excusable default. A party seeking relief under CPLR 5015 (a) (1) must demonstrate a reasonable excuse for his or her default and a meritorious claim or defense, as the case may be (see *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]). In denying defendant's motion the court did not discuss the reasonableness of his excuse for missing the January 18, 2012 conference. Instead, the court's decision was based solely on a finding that a meritorious defense to plaintiff's claims was not demonstrated. We address the issue of reasonable excuse at this time in the exercise of the coordinate authority we share with Supreme Court on all questions of law and fact (see e.g. *Matter of State of New York v Ford Motor Co.*, 74 NY2d 495, 501 [1989]).

Former counsel's affidavit of service raises a presumption that on December 9, 2011 defendant was given notice of the January 18, 2012 conference by both certified mail and regular mail (see *Engel v Lichterman*, 62 NY2d 943, 944-945 [1984]). Defendant does not challenge the affidavit of service and, in fact, states that he believes former counsel timely complied with the court's order. Defendant states that he never received notice of the certified mail although he concedes that the envelope in which it was sent contains a notation of a December 12, 2011 delivery. Defendant also acknowledges receipt of first-class mail from former counsel but, without stating what was enclosed, defendant vaguely asserts that "the mail did not contain the materials sent by certified mail." In all, defendant's denial of receipt of former counsel's properly mailed notice is the only excuse he offers for his failure to attend the status conference. Such a denial is insufficient to overcome the presumption of delivery (see *Matter of Futterman v New York State Div. of Hous. & Community Renewal*, 264 AD2d 593, 595 [1st Dept 1999], *lv dismissed*, 94 NY2d 847 [1999]). It is also insufficient as a rea-

sonable excuse as a matter of law (*see Deutsche Bank Natl. Trust Co. v Pietranico*, 102 AD3d 724, 725 [2d Dept 2013]).*

Although we affirm the order entered below, we find that the motion court abused its discretion in denying the motion on the basis of a failure to demonstrate a meritorious defense. On the contrary, defendant's answer, which he verified himself on the basis of personal knowledge, sufficiently sets forth relevant evidentiary facts (*see* CPLR 105 [u]; *Salch v Paratore*, 60 NY2d 851, 852-853 [1983]; *Bethlehem Steel Corp. v Solow*, 51 NY2d 870, 872 [1980]). Concur—Andrias, J.P., Friedman, Acosta, DeGrasse and Freedman, JJ.

* Defendant claims on December 14, 2011, he spoke with former counsel who advised him that he had until January 18, 2012 to get new counsel. On the morning of January 18, 2012, defendant filed a notice of his pro se appearance with a clerk at the IAS Trial Support Office. Defendant does not state whether he asked former counsel or the Trial Support clerk any questions about the status of his case. Such an inquiry would have certainly disclosed that the status conference was scheduled for the afternoon of January 18, 2012.