■ U.S. BANK NATIONAL ASSOCIATION, as Trustee for WAMU MORTGAGE PASS THROUGH CERTIFICATE FOR WMALT SERIES

2007-2 TRUST, Respondent, v JACOBO MARTINEZ et al., Defendants, and WANYS MARTINEZ, Appellant. [34 NYS3d 3]—

Order, Supreme Court, Bronx County (Sharon A. M. Aarons, J.), entered January 28, 2015, which denied defendant Wanys Martinez's motion to vacate her default in answering the complaint and for leave to extend her time to file an answer to the complaint, unanimously affirmed, with costs.

The motion court properly found that jurisdiction, in this mortgage foreclosure action, had been obtained over defendant Wanys Martinez and thus she had not established entitlement to vacatur pursuant to CPLR 5015 (a) (4). Defendant's conclusory denial of service failed to rebut the presumption of service created by the process server's properly executed affidavit (see Matter of de Sanchez, 57 AD3d 452, 454 [1st Dept 2008]), which reflects that service was effectuated by delivering the summons and complaint "to a person of suitable age and discretion at [defendant's] actual . . . dwelling place or usual place of abode," followed by the requisite mailing (CPLR 308 [2]). Defendant admitted that, at the time of service, the subject property was still her "legal address" and that she had only "taken up temporary residence elsewhere," at an unspecified location, which claim was not substantiated with any documentary evidence. As defendant "never established a permanent alternative 'actual dwelling' or 'usual place of abode' " and admitted that she still received mail at the property, service was properly made thereat (CC Home Lenders v Cioffi, 294 AD2d 325, 325 [2d Dept 2002]). Indeed, defendant identified no other address at which she could have been served.

Defendant's belief that her then estranged husband would not have accepted service of process on her behalf is insufficient to rebut the presumption of service created by the process server's claim as to what her husband actually did (see Granite Mgt. & Disposition v Sun, 221 AD2d 186 [1st Dept 1995]).

The motion court did not improvidently exercise its discretion in finding that defendant did not establish a reasonable excuse for delay and meritorious defense to this action (see CPLR 5015 [a] [1]; Carroll v Nostra Realty Corp., 54 AD3d 623 [1st Dept 2008], lv dismissed 12 NY3d 792 [2009]). Defendant's unsuccessful claim that she was not properly served with process and conclusory denial of receipt of certain mailings are

insufficient to overcome the presumption of delivery created by the affidavits of service reflecting such mailings and do not constitute a reasonable excuse for delay or a meritorious defense (*see 60 E. 9th St. Owners Corp. v Zihenni*, 111 AD3d 511, 512 [1st Dept 2013]; *Burr v Eveready Ins. Co.*, 253 AD2d 650, 651 [1st Dept 1998], *appeal dismissed* 92 NY2d 1041 [1999]; *Citimortgage, Inc. v Bustamante*, 107 AD3d 752, 753 [2d Dept 2013]).

We have considered defendant's remaining arguments and find them unavailing. Concur—Tom, J.P., Saxe, Richter, Gische and Webber, JJ.