HSBC Bank USA, N.A. v Hanchard (2019 NY Slip Op 02298)





HSBC Bank USA, N.A. v Hanchard


2019 NY Slip Op 02298


Decided on March 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2019

Manzanet-Daniels, J.P., Gische, Gesmer, Singh, Moulton, JJ.


38061609 -278

[*1] HSBC Bank USA, N.A., as Trustee for the Registered Holders of Renaissance Equity Loan Asset-Backed Certificates, Series 2007-03, Plaintiff-Respondent,
v
Michael Hanchard, Defendant-Appellant, Joan Hamilton, et al., Defendants.


Michael Kennedy Karlson, New York, for appellant.
Hinshaw & Culbertson LLP, New York (Brent M. Reitter of counsel), for respondent.



Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on October 26, 2016, which, to the extent appealed from as limited by the briefs, denied defendant Michael Hanchard's motion to vacate a judgment of foreclosure entered upon his default, pursuant to CPLR 5015(a)(4), and dismiss the complaint for lack of jurisdiction, unanimously affirmed, with costs.
The court correctly found that jurisdiction had been obtained over defendant Michael Hanchard. Plaintiff established prima facie that defendant was properly served with process by showing, pursuant to CPLR 308(4), that on three separate occasions and times, the process server made efforts to serve defendant at his last known address in Florida (see Ayala v Bassett, 57 AD3d 387 [1st Dept 2008]). Defendant's conclusory denial of service was insufficient to rebut the presumption of proper service created by the process server's properly executed affidavit (see id.; U.S. Bank N.A. v Martinez, 139 AD3d 548, 549 [1st Dept 2016]). While defendant alleged that he had never lived in Florida, the evidence showed the contrary. In 2011, defendant filed for bankruptcy, listing the Florida address as his residence. He failed to establish an alternative dwelling or usual place of abode where he could have been served (see Martinez, 139 AD3d at 549).
M-278 - HSBC Bank USA, N.A. v Hanchard
Motion for sanctions denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 26, 2019
CLERK