McNally v McNally (2021 NY Slip Op 01407)





McNally v McNally


2021 NY Slip Op 01407


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2018-03151
 (Index No. 20701/01)

[*1]Patricia McNally, appellant,
v
Edward McNally, respondent.


Patricia McNally, Huntington Station, NY, appellant pro se.
Laura C. Golightly, Hauppauge, NY, for respondent.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment entered November 15, 2005, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Carol Mackenzie, J.), dated January 23, 2018. The order granted those branches of the defendant's motion which were pursuant to CPLR 5015(a)(3) to vacate a money judgment dated October 26, 2006, a qualified domestic relations order dated February 20, 2007, and a money judgment entered July 29, 2013.
ORDERED that the order is affirmed, with costs.
The parties were divorced by a judgment entered November 15, 2005, which incorporated the terms of certain stipulations they had previously entered into. The plaintiff subsequently moved to have the defendant held in contempt, resulting in a money judgment of the Supreme Court, dated October 26, 2006, and entered upon the defendant's default, which, inter alia, awarded the plaintiff various forms of relief and recalculated and increased the defendant's child support obligation. Following the entry of this money judgment, the plaintiff obtained a qualified domestic relations order dated February 20, 2007, which awarded her payments from a pension of the defendant. The plaintiff subsequently sought and obtained an additional money judgment entered July 29, 2013, against the defendant.
The defendant, who was residing outside of the United States for most or all of this period, thereafter moved, inter alia, pursuant to CPLR 5015(a)(3) to vacate the foregoing order and money judgments on the ground that they were the product of fraud, misrepresentation, or other misconduct by the plaintiff. In an order dated January 23, 2018, the Supreme Court, after reviewing the extensive submissions of the parties in support of and in opposition to the motion, granted the branches of the defendant's motion which were to vacate the qualified domestic relations order dated February 20, 2007, the money judgment dated October 26, 2006, and the money judgment entered July 29, 2013. The plaintiff appeals.
"CPLR 5015(a)(3) permits a court to vacate a judgment or order upon the ground of fraud, misrepresentation, or other misconduct of an adverse party" (Wells Fargo Bank, N.A. v Hampton, 119 AD3d 856, 856). Here, the Supreme Court properly granted those branches of the defendant's motion which were pursuant to CPLR 5015(a)(3) to vacate the subject order and money [*2]judgments, since the defendant established that the plaintiff engaged in fraud, misrepresentation, or other misconduct warranting vacatur under the statute (see generally Nachman v Nachman, 274 AD2d 313, 315-316).
The plaintiff's remaining contentions either are without merit or need not be addressed in light of our determination.
MASTRO, A.P.J., RIVERA, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court