Lantern Endowment Partners, LP v Bluefin Servicing Ltd. (2021 NY Slip Op 07081)





Lantern Endowment Partners, LP v Bluefin Servicing Ltd.


2021 NY Slip Op 07081


Decided on December 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 21, 2021

Before: Renwick, J.P., Oing, Singh, Scarpulla, Pitt, JJ. 


Index No. 654002/19 Appeal No. 14900 Case No. 2021-02254 

[*1]Lantern Endowment Partners, LP, Plaintiff-Respondent,
v
Bluefin Servicing Ltd. et al., Defendants, Ian S. Peck, Defendant-Appellant.


Press Koral LLP, New York (Matthew J. Press of counsel), for appellant.
Berlandi Nussbaum & Reitzas LLP, New York (John P. O'Brien of counsel), for respondent.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered June 15, 2021, which, to the extent appealed from, denied defendant Ian Peck's motion to vacate a default judgment as against him, unanimously affirmed, with costs.
Plaintiff's assertion that defendant waived personal jurisdiction was not preserved for appellate review (see Mendelsohn v City of N.Y. [19th Precinct], 89 AD3d 569, 569-570 [1st Dept 2011], lv denied 19 NY3d 804 [2012]).
In any event, the motion court properly found that jurisdiction had been obtained over defendant and thus that he failed to establish his entitlement to vacatur pursuant to CPLR 5015(a)(4). The process server's affidavit reflects that service was effectuated by personal service. Defendant's conclusory denial of service is insufficient to rebut the presumption of service created by the process server's affidavit (U.S. Bank N.A. v Martinez, 139 AD3d 548, 549 [1st Dept 2016]; see Reem Contr. v Altschul & Altschul, 117 AD3d 583, 584 [1st Dept 2014]). Defendant's claim that he is taller and two years older than the person described in the affidavit of service is insufficient to rebut the presumption of service, as he does not dispute that the weight, hair color, and skin color and other descriptions in the affidavit, match his description (see Ocwen Loan Servicing, LLC v Ali, 180 AD3d 591 [1st Dept 2020], lv dismissed 36 NY3d 1046 [2021]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 21, 2021