Pascazi v Zarzeka (2022 NY Slip Op 05855)

Pascazi v Zarzeka

2022 NY Slip Op 05855

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2019-11463
 (Index No. 50337/18)

[*1]Michael S. Pascazi, appellant, 
v
Frank P. Zarzeka, Jr., respondent, et al., defendants.

Pascazi Law Offices, PLLC, Fishkill, NY (Michael S. Pascazi pro se of counsel), for appellant.
Van De Water & Van De Water, LLP, Poughkeepsie, NY (Danielle E. Strauch of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for contribution and common-law indemnification, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Catherine M. Bartlett, J.), dated September 12, 2019. The order granted the motion of the defendant Frank P. Zarzeka, Jr., pursuant to CPLR 5015(a) to vacate a judgment of the same court entered March 6, 2019, upon his default in appearing or answering the complaint, and to dismiss the complaint insofar as asserted against him.
ORDERED that the order is affirmed, with costs.
The plaintiff and the defendant Frank P. Zarzeka, Jr. (hereinafter the defendant), were both 50% shareholders and officers of Fiber Optek Interconnected Corp. (hereinafter Optek), a telecommunications contractor engaged in, inter alia, public works projects subject to the New York Prevailing Wage Law, Labor Law art 8, § 220, et seq. (hereinafter PWL). In or about 1998, Optek became the subject of an investigation conducted by the New York State Department of Labor (hereinafter DOL) for the underpayment of wages and supplements in violation of the PWL. In 2005, during the pendency of the DOL investigation, the plaintiff, among others, filed an involuntary bankruptcy petition against Optek under Chapter 7 of the Bankruptcy Code. In March 2007, Optek's Trustee in Bankruptcy (hereinafter the bankruptcy trustee) commenced an adversary proceeding in the bankruptcy case against the plaintiff and the defendant to recover estate assets allegedly fraudulently conveyed to both of them. In September 2008, the defendant and the bankruptcy trustee settled the adversary proceeding insofar as asserted against the defendant (hereinafter the 2008 settlement). Pursuant to the terms of the 2008 settlement, the bankruptcy trustee gave the defendant a general release, including a release from "[a]ll . . . claims for contribution or indemnity . . . by . . . any party to [the adversary proceeding] . . . which arise out of or are in any way related to the Trustee's action or the subject matter of the Trustee's action, or arise out of or are in any way related to the Trustee's action."
In two determinations and orders dated November 7, 2011, the Commissioner of the DOL (hereinafter the Commissioner) determined that Optek was liable for underpayment of wages and supplements, as well as interest and penalties. Thereafter, in September 2012, the plaintiff and [*2]the bankruptcy trustee, among others, entered into a stipulation of settlement (hereinafter the 2012 settlement). As part of the 2012 settlement, the plaintiff "agree[d] and covenante[d] that he [would] no longer attack" the 2008 settlement.
As a result of the Commissioner's November 2011 determinations and orders, in April 2015, the DOL entered a judgment against the plaintiff pursuant to Labor Law § 220-b(2)(g) for the underpayments of wages and supplements, as well as interest and penalties, owed by Optek. The plaintiff, after satisfying the judgment, commenced the present action against the defendant, among others, asserting causes of action for contribution, unjust enrichment, and common-law indemnification. As relevant here, on or about January 28, 2019, the plaintiff moved for leave to enter a default judgment against the defendant. In an order dated February 26, 2019, the Supreme Court granted the plaintiff's motion and a default judgment was entered against the defendant on March 6, 2019.
On or about March 26, 2019, the defendant moved pursuant to CPLR 5015(a) to vacate the default judgment and to dismiss the complaint insofar as asserted against him. The plaintiff opposed the motion. In an order dated September 12, 2019, made after a hearing, the Supreme Court granted the defendant's motion. The plaintiff appeals.
Under CPLR 5015(a), a court is empowered to vacate a default judgment for several reasons, including "misrepresentation, or other misconduct of an adverse party" (CPLR 5015[a][3]; see Wells Fargo Bank, N.A. v Hampton, 119 AD3d 856, 856). "In addition to the grounds set forth in section 5015(a), a court may vacate its own judgment for sufficient reason and in the interests of substantial justice" (Woodson v Menson Leasing Corp., 100 NY2d 62, 68). Here, the Supreme Court providently exercised its discretion in granting the defendant's motion pursuant to CPLR 5015(a) to vacate the default judgment and to dismiss the complaint insofar as asserted against him. The defendant established that the plaintiff engaged in misrepresentation or other conduct "warranting vacatur under the statute" based on the plaintiff's failure to inform the court of the prior bankruptcy proceedings and the stipulations of settlement entered therein (McNally v McNally, 192 AD3d 788, 789, citing Nachman v Nachman, 274 AD2d 313, 315-316).
The plaintiff's remaining contentions either are without merit or need not be addressed in light of our determination.
DILLON, J.P., CONNOLLY, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court