Jones v Grooms (2022 NY Slip Op 05952)

Jones v Grooms

2022 NY Slip Op 05952

Decided on October 25, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 25, 2022

Before: Manzanet-Daniels, J.P., Kennedy, Scarpulla, Mendez, Higgitt, JJ. 

Index No. 7735/19 Appeal No. 16543 Case No. 2022-00505 

[*1]Richard B. Jones, Plaintiff-Respondent,
v
Shirley Wilson Grooms, Defendant-Appellant.

Clover Barrett & Associates, PC, Brooklyn (Clover M. Barrett of counsel), for appellant.
Bronster LLP, New York (J. Logan Rappaport of counsel), for respondent.

Order, Supreme Court, Bronx County (La Tia W. Martin, J.), entered on or about October 27, 2021, which, to the extent appealed from as limited by the briefs, denied defendant wife's motion to vacate the judgment of divorce entered on her default, unanimously affirmed, with costs.
Supreme Court providently found that personal jurisdiction was obtained over the wife by proper service of the summons with notice and properly denied vacatur under CPLR 5015(a)(4) without a traverse hearing. An affidavit of service constitutes prima facie evidence of proper service and the "mere denial of receipt of service is insufficient to rebut the presumption of proper service created by a properly-executed affidavit of service" (Matter of de Sanchez, 57 AD3d 452, 454 [1st Dept 2008] [internal quotation marks omitted]). The wife's affidavit contained only a conclusory denial and was thus insufficient to rebut the presumption of proper service (id. at 454).
In moving to vacate under CPLR 5015(a)(1), "[w]hile a liberal approach toward vacating defaults in matrimonial proceedings is warranted because of the important public policy of determining those actions on their merits, 'it is still incumbent upon a party seeking vacatur to establish both a reasonable excuse for the default and a meritorious defense'" (Ugweches v Ugweches, 78 AD3d 558, 559 [1st Dept 2010], quoting Estate of Allen v Allen, 258 AD2d 423, 423 [1st Dept 1999]). As the wife failed to rebut the presumption of service, she has failed to establish a reasonable excuse for her default, particularly given her acknowledgment that she received a second summons with notice. Nor did she present a meritorious defense to the action. The separation agreement executed by the parties in 2015, the existence and validity of which the wife does not dispute, specifically settled the parties' financial, property and other rights, and waived any rights to the other spouse's estate (see Domestic Relations Law § 236[B][3]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 25, 2022