979 Second Ave. LLC v Yue Wah Chao (2024 NY Slip Op 02495)

979 Second Ave. LLC v Yue Wah Chao

2024 NY Slip Op 02495

Decided on May 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 07, 2024

Before: Webber, J.P., Moulton, Friedman, González, Mendez, JJ. 

Index No. 654145/21 Appeal No. 2226 Case No. 2023-03611 

[*1]979 Second Avenue LLC, Respondent,
v
Yue Wah Chao, Also Known as Winnie Chao, Appellant.

Grimble & LoGuidice, LLP, New York (Robert Grimble of counsel), for appellant.
Moulinos & Levinas PLLC, New York (Daniel Levinas of counsel), for respondent.

Order, Supreme Court, New York County (Erika M. Edwards, J), entered January 12, 2023, which denied defendant's motion to vacate a default judgment against her, unanimously affirmed, without costs.
Defendant moves to vacate the default judgment pursuant to CPLR 5015(a)(1) and (3), asserting that the judgment was obtained based on fraud, specifically a forged personal guaranty of a lease. On a motion to vacate a default judgment pursuant to CPLR 5015(a)(1), defendant must establish both a reasonable excuse for the default and a potentially meritorious defense to the action (see Navarro v A. Trenkman Estate, Inc., 279 AD2d 257 [1st Dept 2001]). Since defendant seeks relief based on allegations of "intrinsic fraud," rather than "extrinsic fraud," she also must establish both a reasonable excuse for the default and a meritorious defense to the action to obtain relief pursuant to CPLR 5015(a)(3) (see 3331 102 St. LLC v Newport Beach Holdings LLC, 205 AD3d 497, 497 [1st Dept 2022]).
Here, defendant's general denial that she received the summons and complaint at the commencement of the action, or a subsequent CPLR 3215(g)(3) notice, is insufficient to rebut the presumption of delivery raised by the properly executed affidavit of service (see 60 E. 9th St. Owners Corp. v Zihenni, 111 AD3d 511, 512-513 [1st Dept 2013]), and does not constitute a reasonable excuse for the default (see U.S. Bank N.A. v Martinez, 139 AD3d 548, 549-550 [1st Dept 2016]; 60 E. 9th St. Owners Corp. v Zihenni, 111 AD3d at 512-513).
Given defendant's failure to provide an acceptable excuse for the default, it is unnecessary for this Court to address whether she demonstrated a potentially meritorious defense to the claim (see 3331 102 St. LLC v Newport Beach Holdings LLC, 205 AD3d at 497), which, in any event, is based on a guaranty that was notarized, raising a presumption of due execution (see Son Fong Lum v Antonelli, 102 AD2d 258, 260 [2d Dept 1984], affd 64 NY2d 1158 [1985]; CPLR 4538).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 7, 2024